## SEPT. 2, 1926

20081—John T. Weisflock et v. Michael Sigling et; motion for Clinton Appeals to certify. Cyrus Newby, Hillsboro, for pltffs; Ed. M. Wiggins, Lynchburg, and Smith, Rogers & Smith, Wilmington, for defts.

## SEPT. 3, 1926

20082—Anna V. Tohle v. City of Lima; motion for Allen Appeals to certify. D. C. Henderson, Lima, for pltf; Paul T. Landis, Lima, for deft.

20083—State of Ohio ex rel Central Health Co. v. Harry L. Conn, Superintendent of Insurance; in mandamus. T. S. Allen, Lincoln, Neb., and Joseph A. Shearer, Columbus, for pltf; C. C. Crabbe and C. S. Younger, Columbus, for deft.

20084—James D. Lyon v. State of Ohio; motion for leave to file petition in error to Huron Appeals. M. O. Rettig, Toledo, for pltf; Edgar G. Martin, for deft.

## SEPT. 4, 1926

20085—State of Ohio ex rel Edmund F. Arras v. Vic Donahey, Governor of State of Ohio; error to Franklin Appeals. Knepper & Wilcox, Columbus, and J. W. Jacoby, Marion, for pltf; C. C. Crabbe and W. E. Benoy, Columbus, for deft.

20086—Realty Holding Inc. and Queen City Driving Club v. State of Ohio ex rel Charles S. Bell, Prosecuting Attorney of Hamilton County, Ohio; motion for Hamilton Appeals to certify. Joseph Heintzman, Cincinnati, Pogue, Hoffheimer and Pogue, Cincinnati, for pltf; Charles S. Bell, Pros. Atty., Cincinnati, for deft.

## SEPT. 9, 1926

20087—J. J. Jones, Treasurer of Van Wert County et v. Harry L. Conn et; error to Van Wert Appeals; motion for Van Wert Appeals to certify. T. Miller, Van Wert, C. C. Crabbe and W. E. Benoy, Columbus, for pltfs; Conn, Hoke & Wright, Van Wert, and Wilson & Rector, Columbus, for defts.

## SEPT. 10, 1926

20088—State of Ohio ex rel Interstate Business Mens' Accident Association v. Harry L. Conn, Supt. of Insurance; in mandamus. Thos. Watters and Squire, Sanders & Dempsey, Cleveland, for pltf; C. C. Crabbe and C. S. Younger, Columbus, for deft.

## SEPT. 11, 1926

20089—State of Ohio ex rel Price Janson v. David Eschliman; quo warranto. J. Janson, Canton, for pltf.

# PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET

State ex Morgan et v. Indust. Com.............. 19952

### MOTION DOCKET

Conservative Mortg. & Guar. Co. et v. Century Imp. Co. ................................ 19990

### THURSDAY, SEPT. 2, 1926

### GENERAL DOCKET

19952—State of Ohio. ex rel. Gilbert Morgan et al., v. Industrial Commission of Ohio. In Mandamus. Dismissed by relators without record at their costs.

### FRIDAY, SEPT. 10, 1926

### MOTION DOCKET

19990—Conservative Mortgage & Guarantee Co. et v. Century Improvement Co. Motion for Cuyahoga Appeals to certify. Dismissed on motion of plaintiffs and at their csts.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

### 103. ASSESSMENTS.

Where assessments for paving improvement are not made in accordance with provisions of 1214 GC., failure of property owner (997), to object in writing to county commissioners, will not deprive him of his injunctive remedy restraining the collection of excessive assessments under 1231-6 GC. Peters v. Kratt. OA. 4 Abs. 614.

### 147. BILLS & NOTES. See 911. Perjury.

### 225. CHARGE TO JURY.

Where court fails to cover the case fully, it is not a ground for reversal unless omission is called to court's attention and request is made to charge on the subject omitted and such request is refused; providing jury is not misled by the charge as given. Cincin. Auto. Body Co. v. Auto Sun Prod. Co. OA. 4 Abs. 610.

Is it error (460) for a court in its charge to assume any facts as true when the same are in dispute? Losee, Admr. v. Kreiger et. OS. Pend. 4 Abs. 620.

### 227. CHARITIES.

Dependent minors committed to Board of State Charities need not be permanent commitments to entitle the Board to charge County from which such minors were committed for board and expenses. State ex. Atty. Gen. v. Wead, Aud. OS. 4 Abs. 621.

### 445. EASEMENTS.

Where a single tract of land is divided, and where prior to its partition there was a private way thereon, which reaches part of one portion of the undivided tract over the other portion, the grantee of the portion to which the way runs has a right to such way by implied grant where it is reasonably necessary to the enjoyment of his portion and materially adds to the value thereof. Jones v. Bethel. OA. 4 Abs. 610.

### 460. ERROR. See 225. Charge to Jury.

### 485. EXECUTOR & ADMINISTRATORS.

Where a debtor is appointed executor, the debt becomes assets in his hands to be distributed and administered in accordance with law. U. S. Fid. & Guar. Co. v. Jones et. OA. 4 Abs. 611.

### 543. FORCIBLE ENTRY & DETAINER.

Judgment in forcible entry and detainer action in favor of landlord does not bar evicted tenant, under res adjudicata, from bringing an action for damages for breach of contract. Price v. Insande. OA. 4 Abs. 614.

See 1140. Sureties.

### 569. GAMING & GAMBLING.

Intent to keep a slot machine as a gaming device for gain, under criminal statute, 13066 GC., is essence of the offense; such intent might be shown by redeeming coupons won by player, bringing him something of value for nothing, which might appeal to the gambling instinct. State v. Krauss. OS. 4 Abs. 621.

### 715. LIBEL AND SLANDER.

One who in good faith communicates to a police officer, information concerning an alleged law violation, is not liable in damages for libel and slander. Popke v. Hoffman. OA. 4 Abs. 611.